**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

DR. MELBA RIVERA-DELGADO, *et al.*,

**Plaintiffs,**

**v.**

CARLOS CHARDON, *et al.*,

**Defendants.**

**Civil No.** 12-1450 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is: (1) the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)")[2] and 12(b)(6) ("Rule 12(b)(6)") filed by defendants Carlos Chardon ("defendant Chardon") and Eleuterio Alamo ("defendant Alamo"), and (2) the motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) filed by defendant Edward Moreno ("defendant Moreno"), (collectively "defendants"). (Docket Nos. 7 & 26.) Having considered the arguments in the motions to dismiss and the opposition by plaintiff Dr. Melba Rivera Delgado ("plaintiff Rivera") and her children (collectively "plaintiffs"), (Docket

[1] Katherine Hedges, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

[2] The Court notes that while defendants bring their motion pursuant to 12(b)(1), their argument is for Younger abstention, which is not a subject matter jurisdiction argument.

No. 28), the Court **GRANTS IN PART and DENIES IN PART** defendants' motions for the reasons discussed below.

## I. BACKGROUND

### A. Procedural History

On June 8, 2012, plaintiffs filed a complaint seeking damages from defendant Chardon in his individual capacity, defendant Odette Piñeiro ("defendant Piñeiro") in her individual capacity, defendant Jesus Rivera-Sanchez in his individual capacity, defendant Moreno in his official and individual capacity, defendant Elia Colon-Berlingeri in her individual capacity, and defendant Alamo in his individual capacity. (Docket No. 1.) Pursuant to 42 U.S.C. § 1983 ("section 1983"), plaintiff Rivera asserted claims of due process violations pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and political discrimination pursuant to the First Amendment of the United States Constitution. Id. Additionally, plaintiff Rivera brings actions against the same defendants for violations of Article II, the Bill of Rights, of the Constitution of the Commonwealth of Puerto Rico, as well as article 1802 of the Puerto Rico Civil Code. Laws of P.R. Ann. tit. 31 § 5141. Id. Plaintiff Rivera's children claim entitlement to relief from emotional and mental distress pursuant to article 1802 of the Civil Code. Id.

Defendant Moreno, in his individual capacity only, filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) on

December 7, 2012, claiming that the Court does not have jurisdiction and should refrain from hearing the case pursuant to the Younger abstention doctrine; that the statute of limitations bars plaintiffs' claims; that the Fifth Amendment claims are inapplicable to the defendants because they are not federal government actors; and that there is no due process violation because plaintiffs are not entitled to a pre-suspension hearing. (Docket No. 7.) Defendants Chardon and Alamo filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) on January 16, 2013, alleging the same grounds for dismissal. (Docket No. 16.) Plaintiffs filed an opposition to both motions on January 30, 2013, arguing that Younger abstention does not apply; that the statute of limitations was tolled; that the due process claim was brought pursuant to both the Fifth Amendment and the Fourteenth Amendment because it is unclear if Puerto Rico is treated as a state or a federal territory; and that due process does require a pre-suspension hearing. (Docket No. 28.)

**B. Factual Background**

In her complaint, plaintiff Rivera alleges the following facts, which the Court accepts as true for the purpose of resolving defendants' motions to dismiss:

Plaintiff Rivera is widely known as a member of the Popular Democratic Party ("PDP") in Puerto Rico; she ran for Mayor of Canovanas as the PDP candidate in 1996 and 2000. (Docket No. 1

at p. 5.) She continues to be a vocal member of the PDP party, frequently participating in political activities, donating to the PDP party, and belonging to the PDP employees' associations. Id. Everyone at the Department of Education knows her as a political activist and leader for the PDP party. Id. at pp. 5-6.

Plaintiff Rivera has worked in education for twenty-eight years, as a teacher, guidance counselor, school director, and, as of 2003, superintendent. Id. Plaintiff Rivera's current title is Superintendent IV with the Department of Education, though she has been informed that the same position is now classified as Superintendent V.[3] Id. at p. 6. The superintendent position is a career position. Id. On July 28, 2009, plaintiff Rivera received a letter from defendant Moreno, an Associate Secretary of Education, directing her "to report in detail ('destaque') as Director of the Conchita Cuevas School in Gurabo." Id. Plaintiff Rivera alleges that this was part of defendant Chardon's effort, as a member of the New Progressive Party ("NPP") and Secretary of Education at that time, to remove people from their positions within the Department of Education and replace them with members of the NPP. Id. at pp. 3 & 6.

Plaintiff Rivera formally lodged a complaint with the Public System Appeals Commission, disputing her detail to the

[3] Plaintiff Rivera fails to explain the difference between the two superintendent classifications.

position of school director. Id. at p. 7. She also formed an organization, ODAE, made up of other affected superintendents, to dispute the detail orders publicly. Id. As part of this campaign, she made radio and television appearances and wrote letters to defendant Chardon and defendant Piñeiro, another NPP member who became the Secretary of Education in December 2009. Id. at pp. 3 & 7. During these efforts, plaintiff Rivera continually alleged that the detail orders were a result of the NPP's attempt to replace current Department of Education leaders with NPP members, that there was no real need for her to be installed as a school director, and that no efforts were made to assign her superintendent duties to other employees. Id. at pp. 7-8.

Although she publicly spoke out against the detail, plaintiff Rivera complied with the detail order and continued to tend to her duties as a superintendent. Id. at p. 8. Plaintiff Rivera alleges that defendant Chardon told her he was watching her and did not think she was trustworthy because of her PDP membership. Id. at p. 9. She further contends that defendant Chardon harassed her, that he made defendant Alamo and others track her activities throughout the day, and that defendant Alamo carried out a search and seizure at her office. Id. at pp. 9-10.

Unlike plaintiff Rivera, superintendents who were members of the NPP party were allowed to disregard the director details and retain their positions as superintendents. Id. at p. 10. Members

of the NPP party who disregarded the detail orders were not sanctioned and some, in fact, were promoted. Id. On February 25, 2010, defendant Piñeiro, then the Secretary of Education and a member of the NPP party, handed plaintiff Rivera a sanction letter "in which she immediately and indefinitely suspended the plaintiff from work while an investigation was conducted."[4] Id. at pp. 11-12. The suspension is still in effect. Id. at p. 12.

Plaintiff Rivera alleges that she was not given a right to be heard prior to the suspension, and that she was carrying out her assigned duties when she was suspended. Id. Plaintiff Rivera's superintendent duties were then assigned to members of the NPP party, and the school director position she was covering remained open for two years. Id. Plaintiff Rivera requested subsequent Secretaries of Education, defendant Jesus Sanchez and defendant Moreno, to address her suspension, but no action was taken and the internal administrative case remained open. Id. at p. 13.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When assessing whether a plaintiff's complaint provides "fair notice to the defendants" and states "a

[4] Plaintiff Rivera's complaint does not say what, if any, reason was given for her suspension. (See Docket No. 1.)

facially plausible legal claim," a court must utilize a two-pronged approach. See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011). First, a court can disregard statements that "offer legal conclusions couched as fact," because the plaintiff must do more than "parrot the elements of the cause of action." Id. at 12. Second, a court is bound to treat all "properly pled factual allegations" as true and draw all reasonable inferences in the plaintiff's favor. Id. The Court must base its determination solely on the material submitted as part of the complaint and expressly incorporated within it. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Supreme Court has held that a plaintiff's pleading must cross "the line between possibility and plausibility." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 577 (2007). A district court should not attempt to forecast the likelihood of success even if proving the alleged facts is "improbable." Id. at 556. A complaint that contains a plausible basis for relief, therefore, "may proceed even if it appears that a recovery is very remote and unlikely." Id. at 556

(internal citation omitted). The Court will draw "on its judicial experience and common sense" in evaluating the complaint's plausibility. Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (internal citation omitted).

**III. DISCUSSION**

Although defendants Chardon, Alamo and Moreno filed separate motions to dismiss, the arguments are nearly identical, (See Docket Nos. 7 & 26), and the Court will discuss both motions at once. Defendants first argue that the Court should abstain, pursuant to the Younger abstention doctrine, from hearing the case because a similar administrative claim has been filed. (Docket No. 7 at pp. 5-6; Docket No. 26 at pp. 6-7.) Second, defendants contend that the complaint is barred by the statute of limitations. (Docket No. 7 at pp. 12-16; Docket No. 26 at pp. 13-17.) Third, defendants argue that plaintiff Rivera's claims pursuant to the Fifth Amendment should be dismissed because there are no federal government defendants. (Docket No. 7 at pp. 16-17; Docket No. 26 at pp. 17-18.) Finally, defendants claim that plaintiff Rivera fails to state a claim under the Fourteenth Amendment because she is not entitled to a pre-suspension hearing. (Docket No. 7 at pp. 17-19; Docket No. 26 at pp. 18-19.) The Court will address each argument in turn.

**A. Younger Abstention Doctrine**

Defendants first argue that because plaintiff Rivera has already filed an administrative proceeding challenging the adverse employment actions allegedly taken on political discrimination grounds, the Court should abstain from hearing the case based on the Younger abstention doctrine. (Docket No. 7 at pp. 5-6; Docket No. 26 at pp. 6-7.) In Younger v. Harris, the Supreme Court found that in order to maintain a balance between state and federal powers, federal courts have a mandatory obligation to abstain from adjudicating federal claims when there are ongoing state criminal prosecutions based on the same circumstances. 401 U.S. 37, 52-54 (1971). Courts have extended the Younger decision to preclude federal courts from hearing cases when the parties have similar civil actions or administrative adjudications before state courts or administrative panels. See Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 367-38 (1st Cir. 1996) (citing many cases that expanded upon the Supreme Court's original ruling).

Defendants correctly cite to examples where federal courts refrained from hearing cases based on Younger abstention principles when the plaintiff filed suit in federal court after already filing similar claims in an administrative proceeding. (See Docket No. 7 at p. 6.) The First Circuit Court of Appeals recently overturned one such abstention, however, noting that a voluntarily initiated administrative proceeding challenging the

legality of a personnel decision is "remedial in nature and 'not the type to which deference under Younger applies.'" Casiano-Montañez v. State Ins. Fund Corp., 707 F.3d 124, 127-28 (1st Cir. 2013). Abstention pursuant to Younger, therefore, is mandatory only if: "the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Id. (quoting Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007)). In Casiano-Montañez, twelve former or demoted employees of the State Insurance Fund Corporation sued the corporation on the grounds of political discrimination and due process violations. Id. at 126. Prior to filing suit in federal court, "the plaintiffs requested informal administrative hearings." Id. at 127. After the hearings were decided against them, and while an appeal was pending, the plaintiffs filed claims in the federal district court. Id. The First Circuit Court of Appeals found that Younger abstention did not apply, and stated that for a state administrative proceeding to warrant abstention, "the proceeding 'must be coercive, and in most-cases, state-initiated.'" Id. at 128 (quoting Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 522 (1st Cir. 2009).

The Court finds that abstention pursuant to Younger is not warranted in this case because of recent First Circuit Court of

Appeals case law. Plaintiff Rivera filed her claims rooted in political discrimination on June 8, 2012. At that time, an administrative hearing that plaintiff Rivera voluntarily initiated for the same alleged discrimination was still pending. Based on The First Circuit Court of Appeals ruling in Casiano-Montañez, the Court finds that Younger abstention does not apply because the voluntary administrative hearing at issue does not require Younger deference.

**B. Plaintiff Rivera's Section 1983 Claims**

Defendants argue that plaintiff Rivera's section 1983 claims[5] must be dismissed because the statute of limitations bars them, and because the continuing violation doctrine does not apply in this case. Additionally, defendants contend that the due process claims brought pursuant to the Fifth Amendment must be dismissed because there are no federal government defendants. Finally, defendants argue that the due process claim brought

[5] Section 1983 allows "a private right of action for violations of federally protected rights." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). The Supreme Court has held that section 1983 does not confer substantive rights, "but provides a venue for vindicating federal rights elsewhere conferred." Marrero-Saez v. Municipality of Aibonito, 668 F.Supp.2d 327, 332 (D.P.R. 2009) (citing Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989)). In order to state a claim pursuant to section 1983, a plaintiff must plausibly plead (1) that he or she was deprived of a right or privilege under the Constitution or Laws of the United States of America; (2) that a "causal connection exists between [defendants' conduct] and the [constitutional deprivation]; and (3) that the challenged conduct was attributable to a person acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

pursuant to the Fourteenth Amendment must be dismissed because due process does not provide a right to a pre-suspension hearing. The Court addresses each argument in turn.

**1. Statue of Limitations**

Section 1983 does not have an internal statute of limitations, so courts use the "appropriate state law governing limitations unless contrary to federal law." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). In Puerto Rico, the one-year statute of limitations in tort actions applies to section 1983 claims. Id.; see P.R. Laws. Ann. tit. 31, § 5298. "As a general principle, section 1983 claims accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." Marrero-Gutierrez, 491 F.3d at 5 (internal citations omitted). Plaintiff Rivera alleges that she was demoted on July 28, 2009, when she was detailed as Director of Conchita Cuevas School in Gurabo. (Docket No. 1 at p. 6.) The other adverse employment action that plaintiff Rivera alleges is her suspension on February 25, 2010. (Docket No. 1 at p. 12.) Well over a year passed between those adverse employment actions and the date that she filed her complaint — June 8, 2012. (See Docket No. 1.)

**a. Continuing Violation Doctrine**

Plaintiff Rivera, however, advances two arguments for why her claim is not time barred. First, she argues that the continuing violation doctrine applies to her complaint,

and because her suspension was not finalized until after she filed her complaint, her claims fall within the statute of limitations. (Docket No. 1 at pp. 12-14.) The continuing violation doctrine is "an equitable exception to the statute of limitations when unlawful behavior is alleged to be ongoing." Rivera-Torres v. Ortiz-Velez, 306 F.Supp.2d 76, 84 (D.P.R. 2002). "Under the continuing violation doctrine an employee [may] seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims." Perez-Sanchez v. Pub. Bldg. Auth., 557 F.Supp.2d 227, 235 (D.P.R. 2007) (internal citations omitted). The purpose of the doctrine is to prevent barring claims when plaintiffs only realize that the individual acts are discriminatory after repeated actions. Id.

While plaintiff Rivera explains the theory of the continuing violation doctrine in great detail, she fails to advance an argument as to why her allegations survive pursuant to it. (See Docket No. 28 at pp. 12-14.) Her complaint is replete with statements that she was "aware" of the discrimination each time an alleged adverse employment action took place. (See Docket No. 1.) Even if plaintiff Rivera alleged some discrete action within the statute of limitations period, however, the Court finds that the continuing violation doctrine does not save any earlier actions taken against her because the alleged demotion and

suspension are discrete in nature. See Rivera-Torres, 306 F.Supp.2d at 84 (finding that the continuing violation doctrine did not apply to a plaintiff who alleged political discrimination when the actions that occurred outside the statute of limitations, which included the deprivation of duties and suspension, were "discrete in nature"); see also Nat'l. R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002) (holding that in a Title VII race discrimination case, plaintiff's allegations of failure to promote or transfer were "discrete" acts of discrimination and the plaintiff could only recover for acts within the relevant statute of limitations period.) Accordingly, the Court finds that the continuing violation doctrine is inapplicable to plaintiff Rivera's case.

**b. Tolling of the Statute of Limitations**

Second, plaintiff Rivera argues that the statute of limitations was tolled because she filed an action in state court within the one-year period. (Docket No. 28 at pp. 11-12.) Tolling provisions are derived from state law, and "[u]nder Puerto Rico law, the filing of a lawsuit tolls the limitations period." Rodriguez v. Municipality of San Juan, 659 F.3d 168, 173 (1st Cir. 2011); see P.R. Laws Ann. tit. 31, § 5303. "When a complaint is filed in the Commonwealth courts, the statute of limitations begins to run anew from the date on which that action

'comes to a definite end.'" Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004).

In her response to defendants' motions to dismiss, plaintiff Rivera states that she "filed a state cause of action asserting her violations of her civil rights with the Commonwealth of Puerto Rico's Superior Court of Caguas." (Docket No. 28 at p. 12.) She states simply that the "case was dismissed without prejudice on June 14, 2011," and, therefore, that her federal claim, filed June 8, 2012, is timely. Id. Filing an action "does not toll the statue of limitations for all claims arising out of the same facts," however, and the statute of limitations is only tolled for actions that are identical to the ones in the original complaint. Rodriguez-Garcia, 354 F.3d at 97 (quoting Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982)). In addition, both the original claim and the new claim must seek the same relief. Id. at 98. Plaintiff Rivera fails to advance an argument as to why the claims are identical, and defendants fail to provide an argument for why the claims are not identical. (See Docket Nos. 7, 26 & 28.) At this stage, therefore, the Court is unable to determine whether the Commonwealth case in fact tolled the statute of limitations. Accordingly, defendants' motions to dismiss for expiration of the statute of limitations is **DENIED without prejudice** of it being raised again with supporting evidence.

**2. Fifth Amendment Due Process Claim**

The Fifth Amendment to the United States Constitution provides in relevant part that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Defendants argue that plaintiff Rivera's due process claims pursuant to the Fifth Amendment should be dismissed because plaintiff Rivera failed to state a claim against federal government actors. (Docket No. 7 at pp. 16-17; Docket No. 26 at p. 17.) The Court agrees. The protections of the Fifth Amendment Due Process Clause only apply to the actions of the federal government, not to the actions of state or local governments. Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007). Because plaintiff Rivera did not allege claims against federal government actors, the Fifth Amendment Due Process Claims are **DISMISSED WITH PREJUDICE.** The Court finds *sua sponte* that while only defendants Moreno, Chardon, and Alamo moved for dismissal, none of the other defendants are federal government actors. Thus, the Fifth Amendment Due Process Claims against all defendants are **DISMISSED WITH PREJUDICE.**

**3. Fourteenth Amendment Due Process Claim**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "Due Process claims may take either of two forms: 'procedural due

process' or 'substantive due process.'" Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1991). For a procedural due process claim to survive the motion to dismiss stage, a plaintiff must plausibly plead that he or she was "[1] deprived of a property interest, [2] by defendants acting under color of state law, and [3] without the availability of a constitutionally adequate process." Maymi v. Puerto Rico Ports Auth., 515 F.3d 20, 29 (1st Cir. 2008) (internal citation omitted).

Defendants do not dispute that plaintiff Rivera sufficiently pled the elements of a procedural due process claim pursuant to the Fourteenth Amendment. (See Docket No. 7 at pp. 17-19; Docket No. 26 at pp. 18-19.) Instead, defendants contend that procedural due process requires a *pre-termination hearing* but not a *pre-suspension hearing.* (Docket No. 7 at pp. 18-19; Docket No. 26 at p. 18.) A career employee is entitled to receive "notice of the charges, an explanation of the evidence that supports those charges, and the ability to refute that evidence." Marrero-Gutierrez, 491 F.3d at 8 (citations omitted). Requiring more than notice and an opportunity to be heard places an undue burden on the government. Id. (citing Cepero-Rivera v. Fagundo, 414 F.3d 124, 134 (1st Cir. 2005). Defendants argue that a pre-suspension hearing is the type of additional requirement that should be avoided. (Docket No. 7 at pp. 18-19; Docket No. 26 at p. 18.) The Due Process Clause does not require a pre-suspension hearing to be

held prior to a career employee's suspension in certain situations. See Gilbert v. Homar, 520 U.S. 924, 934-35 (1997) (failing to hold a pre-suspension hearing did not violate due process when a university employee was suspended due to a drug-related arrest, but a prompt post-deprivation hearing was needed). "[T]he Supreme Court, however, did not establish a *per se* rule that suspension without pay does not require a hearing to comport with the due process requirements of the Fourteenth Amendment." Nuñez-Colon v. Toledo-Davila, No. 06-2060, 2009 WL 1311008, at *3 (D.P.R. 2009). In situations where holding a pre-suspension hearing is unwise because of concerns, such as safety, a post-suspension process must occur to satisfy the due process clause. Gilbert, 520 U.S. at 930. A post-suspension hearing must occur promptly, and requires balancing:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedure used, and the probably value, if any, of additional or substitute procedural safeguards; and finally, the [G]overnment's interest. Id. at 931-32, 935 (quoting Matthews v. Eldridge, 424 U.S. 319, 335 (1976).

Plaintiff Rivera claims that she was suspended without procedural due process and that she is still awaiting the decision of the administrative hearing, more than two years later. (Docket No. 1 at p. 12-13.) Based on these factual allegations, a plausible inference can be made that plaintiff Rivera was denied due process when she was suspended. Accordingly, defendants'

motions to dismiss plaintiff Rivera's Fourteenth Amendment procedural due process claims are **DENIED.**

## IV. CONCLUSION

For the reasons expressed above, the Court **DENIES** defendants' motions to dismiss on Younger abstention grounds, statute of limitations grounds, and for failure to state a claim pursuant to the Fourteenth Amendment. The Court **GRANTS** defendants' motions to dismiss the Fifth Amendment Due Process claims. Plaintiff Rivera's Fifth Amendment claims are **DISMISSED WITH PREJUDICE** against all defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 26, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE